**Carmen RICHARDSON, for herself and for all others similarly situated, Plaintiff,**

v.

**John O. GRAHAM, Commissioner, Department of Public Welfare, State of Arizona, Defendant.**

**No. CIV 69–158 TUC.**

United States District Court,
D. Arizona.
May 27, 1970.

United States under the laws of this country. She has been continuously a resident of the State of Arizona for thirteen years. Mrs. Richardson was sixty-four years and nine months of age at the time of the filing of the complaint. She fulfilled the age requirement for Old Age Assistance (OAA) in October of 1969. Presently, she is permanently and totally disabled and would be eligible for assistance under the Aid to the Permanently and Totally Disabled (APTD) program but for the fifteen-year residency requirement of Arizona law. By reason of this law, she is ineligible to receive APTD assistance and suffers irreparable injury, as presently she has no income whatsoever and exists on charity on the part of neighbors and friends.

Plaintiff, in this class action, attacks the constitutionality of three provisions of Arizona welfare law: (1) General assistance;[1] (2) Assistance for the blind;[2] and (3) Old age assistance.[3]

The Court has jurisdiction of this action by virtue of 42 U.S.C. § 1983 (Civil Rights Act of 1871), 28 U.S.C. § 1343 (Civil Rights), 28 U.S.C. §§ 2201 and 2202 (Declaratory Judgments Act), and 28 U.S.C. §§ 2281 and 2284 (Three Judge Courts).

The claimed infirmity in all the Arizona statutes is that a fifteen-year residency requirement for resident aliens violates the constitutional right to travel, Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969); the Social Security Act; and, even though Congress may have empowered the states to act in this area, the equal protection clause of the Fourteenth Amendment.

Anthony B. Ching, Tucson, Ariz., for plaintiff.

Gary K. Nelson, Atty. Gen. for Arizona, Phoenix, Ariz., for defendant.

Robert P. Borosody, New York City, Center on Social Welfare Policy & Law, amicus curiae.

Before JERTBERG, Circuit Judge, and WALSH and MUECKE, District Judges.

## OPINION AND ORDER

MUECKE, District Judge.

The undisputed facts are:

The named plaintiff, Carmen Richardson, is an alien lawfully admitted to the

---

1. A.R.S. § 46–233. *Eligibility for general assistance*
   A. No person shall be entitled to general assistance who does not meet and maintain the following requirement:
   1. Is a citizen of the United States, or has resided in the United States a total of fifteen years.

2. A.R.S. § 46–272. *Eligibility for blind assistance*
   Assistance shall be granted to any person who meets and maintains the following requirement:

4. Is a citizen of the United States, or has resided in the United States a total of fifteen years.

3. A.R.S. § 46–252. *Eligibility for old age assistance*
   Assistance shall be granted under this article to any person who meets and maintains the following requirement:
   2. Is a citizen of the United States, or has resided in the United States a total of fifteen years.

It is also argued that the field of regulating aliens has been preempted by the federal government.

42 U.S.C. § 1352(b) (2) provides that "[t]he Secretary [of Health, Education and Welfare] shall approve any [welfare] plan which fulfills the conditions specified in subsection (a) of this section, except that he shall not approve any plan which imposes, as a condition of eligibility for aid to the permanently and totally disabled under the plan * * * [a]ny citizenship requirement which excludes any citizen of the United States."

There are similar provisions for Old Age Assistance, 42 U.S.C. § 302(b) (3); Aid to the Blind, 42 U.S.C. § 1202(b) (2); Aid to the Aged, Blind or Disabled, 42 U.S.C. § 1382(b) (2).

In the same title of the United States Code, § 1302, Congress authorized the Secretary of Health, Education and Welfare to make such rules as may be necessary to the administration of the Welfare Act. Pursuant to this authority, the Secretary has published a Handbook of Public Assistance Administration.[4] Sections 3720 and 3730, Part IV of this Handbook read respectively as follows:

A state plan under titles I, X, XIV [aid to permanently and totally disabled] and XVI may not impose, as a condition of eligibility, any citizenship requirement which excludes any citizen of the United States.

Where there is an eligibility requirement applicable to noncitizens, State laws may, as an alternative to excluding all noncitizens, provide for qualifying noncitizens, otherwise eligible, who have resided in the United States for a specified number of years.

Relying on the statutes and the regulations cited, the State herein argues that Congress by itself and through the Department of Health, Education and Welfare has authorized the States to require citizenship as a basis for eligibility for welfare benefits. In other words, the State takes the position that either no welfare benefits need be given resident aliens or else a residency requirement may be imposed as is the case here.

Buttressing this view, according to the State, is the United States Supreme Court decision in Truax v. Raich, 239 U.S. 33, 36 S.Ct. 7, 60 L.Ed. 131 (1915), wherein it is stated:

* * * The discrimination defined by the act does not pertain to the regulation or distribution of the public domain, or of the common property or resources of the people of the state, the enjoyment of which may be limited to its citizens as against both aliens and the citizens of other states. * * * Truax v. Raich, 239 U.S. at 39, 36 S.Ct. at 10, 60 L.Ed. at 134.

Responding to such argument by the State, we hold that nothing in the explicit language of 42 U.S.C. § 1352(b) (2) and the related statutes authorizes any residency requirement such as is at issue here to be imposed by the states upon aliens. Insofar as the language of 42 U.S.C. § 1352(b) (2), 42 U.S.C. § 302 (b) (3), 42 U.S.C. § 1202(b) (2), and 42 U.S.C. § 1382(b) (2) is construed to mean that the State is empowered to impose a fifteen-year residency requirement before an alien lawfully resident in the United States can receive aid, we further hold that such a construction is violative of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States.

The quoted paragraph from Truax v. Raich, *supra*, is dicta not necessary to the decision in that case, and the language is too general to serve as authority to support the residency restriction here imposed. In any event, later decisions of the United States Supreme Court make clear the course to be followed in this case.

In Shapiro v. Thompson, *supra*, the Supreme Court discussed the equivalent provisions for Aid to Families with Dependent Children [§ 402(b)] which dealt with a one-year residency requirement.

4. See § 201.3(d), Title 45, Code of Federal Regulations.

On its face, the statute does not approve, much less prescribe, a one-year requirement. It merely directs the Secretary of Health, Education, and Welfare not to disapprove plans submitted by the States because they include such a requirement. \* \* \*

But even if we were to assume, *arguendo*, that Congress did approve the imposition of a one-year waiting period, it is the responsive *state* legislation which infringes constitutional rights. By itself § 402(b) has absolutely no restrictive effect. It is therefore not that statute but only the state requirements which pose the constitutional question.

Finally, even if it could be argued that the constitutionality of § 402(b) is somehow at issue here, it follows from what we have said that the provision, insofar as it permits the one-year waiting period requirement, would be unconstitutional. Congress may not authorize the States to violate Equal Protection Clause. Shapiro v. Thompson, *supra*, 394 U.S. at 639, 89 S.Ct. at 1334, 22 L.Ed.2d at 618. (Emphasis in original.)

No compelling state interest is argued which would mitigate in favor of a different result. Petitioner pays taxes into the coffers of the State. The "privilege" v. "right" argument does not answer the constitutional challenge. *Thompson, supra*, n. 6, 394 U.S. at 627, 89 S.Ct. at 1327, 22 L.Ed.2d at 611. The "purpose of inhibiting migration by needy persons into the State is constitutionally impermissible." *Thompson, supra*, 394 U.S. at 629, 89 S.Ct. at 1329, 22 L.Ed.2d at 612. Although the "State has a valid interest in preserving the fiscal integrity of its programs \* \* \* it may not accomplish such a purpose by invidious distinctions \* \* \*." *Thompson, supra*, 394 U.S. at 633, 89 S.Ct. at 1330, 22 L.Ed.2d at 614. *See also* Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153 at 1161, 25 L.Ed.2d 491 (1970).

In light of Takahashi v. Fish and Game Commission, 334 U.S. 410, 68 S.Ct. 1138, 92 L.Ed. 1478 (1948) and Shapiro v. Thompson, *supra*, it necessarily follows that the Arizona statutes previously cited [5], imposing a fifteen-year residency requirement, are violative of the equal protection clause of the Fourteenth Amendment.

Accordingly, plaintiff's motion for summary judgment praying for a preliminary injunction and declaratory relief is granted.

---

5. A.R.S. §§ 46–233, 46–272, and 46–252.